1  McGREGOR W. SCOTT
   United States Attorney
2  ROBERT M. TWISS
   Assistant United States Attorney
3  501 I Street, 10th Floor
   Sacramento, California 95814
4  Telephone: (916) 554-2767





IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

2:06-CR-0411 EJG

| UNITED STATES OF AMERICA, | ) CR. No. |
|---|---|
| Plaintiff, | ) GOVERNMENT'S MOTION TO SEAL |
| | ) INDICTMENT |
| v. | ) |
| FARHAD NEVIS, | ) |
| Defendant. | ) |

The United States hereby moves for an order sealing the indictment in the above captioned case until the arrest of defendant Farhad Nevis.

The case agent from the Internal Revenue Service has advised the undersigned counsel for the United States that defendant Nevis has parents and perhaps other family and friends in Iran, from which Nevis came to the United States in 1979 on a tourist visa. The case agent has advised the undersigned that she has learned that Nevis travels to Iran perhaps as frequently as once per year to visit family and friends. On one occasion, Nevis made a materially false statement to customs officials when he was departing the United States to travel to Iran, in that he

1 denied that he was in possession of more than $10,000 in
2 currency, reporting that he had only $8,000, when he in fact was
3 in possession of $18,000 in U.S. currency.
4     During discussions with defendant Nevis through counsel in
5 advance of the indictment, Nevis always indicated that he
6 intended to waive indictment and plead guilty. The only issue
7 was calculating the correct amount of tax loss for sentencing
8 guideline purposes. Ultimately, the United States accepted
9 Nevis' offer to plead guilty with a stipulation adopting his
10 version of the tax loss. Nevis then continually postponed the
11 entry of his guilty plea, and ultimately refused to plead guilty.
12 His pattern of dealing with the United States appears to be an
13 intentional stall to delay indictment until after the expiration
14 of the statute of limitations on the first tax year in an attempt
15 to avoid prosecution. The plea offer which Nevis rejected is
16 substantially more favorable to him than the sentence he now
17 faces having been indicted.
18     A combination of Nevis' foreign ties, his frequent travel to
19 Iran, his past practice of concealing currency for transportation
20 to a foreign country, his intentional delay and ultimate
21 rejection of the pre-indictment plea, and the fact that he faces
22 substantially longer incarceration now than he did under the plea
23 agreement which he rejected, causes the United States to seek
24 security due to Nevis' risk of flight for any bail which might be
25 ordered. Because of the risk of flight if Nevis should be made
26 aware that he has been indicted, the United States is seeking a
27 no-bail bench warrant to bring him before the court for his
28 initial appearance and posting of sufficient secured bond to

ensure that he will remain here for his court appearances. If Nevis were to learn of his indictment before he is arrested, there is a substantial risk that he would flee the jurisdiction.

WHEREFORE, the United States asks that the Court seal the indictment in this case until Nevis is arrested and brought before the Court.

Dated: October 12, 2006

McGREGOR W. SCOTT
United States Attorney

By: /s/ Robert M. Twiss
ROBERT M. TWISS
Assistant U.S. Attorney

### DECLARATION

I. Robert M. Twiss, hereby declare under penalty of perjury that I am an Assistant United States Attorney in the Eastern District of California, and that the above recited facts are true and correct to the best of my knowledge and belief.

Dated: October 12, 2006

/s/ Robert M. Twiss
ROBERT M. TWISS

### ORDER

IT IS SO ORDERED. The indictment in this case is ordered SEALED until the arrest of defendant Nevis, at which time the indictment automatically will become unsealed.

Dated: October 12, 2006

KIMBERLY J. MUELLER
United States Magistrate Judge

3